

# THE ATTORNEY GENERAL
## OF TEXAS
### AUSTIN, TEXAS

PRICE DANIEL
ATTORNEY GENERAL

FAGAN DICKSON
FIRST ASSISTANT

August 25, 1947

Hon. Raymond F. Blount
Secretary-Treasurer
State Anatomical Board
University of Texas
Medical Branch
Galveston, Texas

Opinion No. V-358.

Re: Whether Art. 4584, V.C.S.,
requiring delivery of dead
bodies to the Anatomical
Board of the State of Texas
is mandatory; and, whether
persons embalming for the
Anatomical Board are ex-
empt from the requirements
of an embalmer's license
under the provisions of
Article 761, V.P.C.

Dear Mr. Blount:

Your letter of July 28 asks our advice on two
questions, the first of which is: "Whether the provis-
ions of Article 4584, Vernon's Civil Statutes, are man-
datory." So far as pertinent to your inquiry and for
the proper analysis of the question, we quote from Arti-
cle 4584 as follows:

"All public officers, agents, and ser-
vants, and all officers, agents and servants
of any county, city, town, district or other
municipality, and of any and every almshouse,
prison, morgue, hospital, or any other pub-
lic institution, having charge or control of
dead human bodies required to be buried at
public expense are hereby required, after not-
ification in writing by said board or its duly
authorized officers, or persons designated by
the authorities of said board, then and there-
after to announce to said board, its author-
ized officer or agent, whenever such body or
bodies come into his or their possession,
charge or control, and shall without fee or
reward greater than the value of such fee as
was paid in any county, city, town, or munici-
pality on the third day of April, 1907, for
the burial of pauper bodies, deliver such body

or bodies, and permit the said board and its
agents and the physicians and surgeons, from
time to time designated by them who may com-
ply with the provisions of this law, to take
and remove all such bodies as are not desired
for post mortem examination by the medical
staff of public hospitals or institutions for
the insane, to be used within this State for
the advancement of medical science. . . ."
(Emphasis supplied throughout this opinion).

Certain exceptions are provided for bodies hav-
ing claimants and for those bodies with contagious dis-
eases. Further provisions are made governing the length
of time which shall expire after death and after notice
to those notified to take charge of the body, after which
the body becomes subject to disposal under the provisions
of this Article. The Article further provides that "de-
livery shall be made as soon thereafter to said Board, its
officers, or agents, as may be possible."

The Board referred to was created by Art. 4583,
V. C. S., as the Anatomical Board of the State of Texas.
It is made up of the Professor of Anatomy and the Profes-
sor of Surgery of each of the medical schools or colleges
incorporated in the State of Texas, and of the several med-
ical and dental schools and colleges incorporated in this
State. Other provisions are made for proper safeguards
in connection with the handling of dead bodies, and for
the organization, functions and expenses of the Anatomi-
cal Board.

The statute seems to be clear in requiring those
in charge of dead bodies, named within the statutes, to
deliver them, under the circumstances set out in the stat-
ute, to the Anatomical Board or as directed by it. The
words "shall" and "required" used in this Article when con-
sidered in connection with the general purposes and subject
matter of the statute bear out the position that this stat-
ute is mandatory. To construe the statute otherwise would
leave the Anatomical Board entirely subject to the pleas-
ure of those named in the statutes and would offer little
assurance of a supply of subjects upon which the medical
institutions might facilitate the instruction there given.

Your second question asks whether those persons
embalming for the Anatomical Board are exempt within the
terms of Article 761, Vernon's Penal Code, from the re-
quirement contained in Art. 759 of Vernon's Penal Code,

that "every person engaged in or desiring to engage in the practice of embalming in connection with the care and disposition of dead bodies within this State shall make a written application to the State Board of Embalming for a license", etc.

Article 761 of the same Chapter, providing exemptions, reads:

"This chapter does not apply to one simply engaged in the furnishing of burial receptacles, nor is it intended to apply to or interfere with the duties of any municipal, county or State officer or State institution."

Article 4583 creates the Anatomical Board as an official body and its members are, therefore, State officers. Their duties and the activities of those performing necessary acts in carrying out those duties under the direction of the Anatomical Board are clearly not subject to the embalmer's license law.

This opinion is not to be understood as limiting or restricting the application of Rules 77 through 86 of Article 4477, Vernon's Civil Statutes, regulating the transportation of dead bodies.

## SUMMARY

The provisions of Art. 4584 V.C.S., requiring the delivery of dead bodies under the circumstances therein set out, to the Anatomical Board of the State of Texas, is mandatory.

Embalming of dead bodies in the custody of the Anatomical Board is not required to be done by a licensed embalmer. Art. 761 V.P.C.

Very truly yours

APPROVED

*Fagan Dickson*

FIRST ASSISTANT
ATTORNEY GENERAL

NMc:rt:jmc

ATTORNEY GENERAL OF TEXAS

By *Ned McDaniel*

Ned McDaniel
Assistant